UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SMARTREND MANUFACTURING GROUP (SMG), INC., <br><br>     **Plaintiff,** <br><br> v. <br><br> OPTI-LUXX INC., <br><br>     **Defendant.** | Case No. 1:22-cv-915 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Smartrend Manufacturing Group (SMG), Inc. ("Smartrend") for its complaint against Defendant Opti-Luxx Inc. ("Opti-Luxx"), alleges as follows:

### THE PARTIES

1. Smartrend is a Manitoba, Canada corporation, with its principal place of business at 6 – 1249 Clarence Avenue, Winnipeg, Manitoba, Canada R3T 1T4. Smartrend is a foreign corporation.

2. On information and belief, Opti-Luxx is a corporation duly organized and existing under the laws of the State of Michigan with its principal place of business at 3630 Highland Drive, Hudsonville, Michigan 49426, and therefore is a citizen of the State of Michigan. *See* 28 U.S.C. § 1332(c)(1).

### JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. Thus, this Court has subject matter jurisdiction over the claim in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

1

4. This Court has personal jurisdiction over the parties. Opti-Luxx is incorporated under the laws of Michigan and, therefore, is subject to general personal jurisdiction in Michigan. *See* M.C.L. 600.711. Additionally, Opti-Luxx transacts business in Michigan and owns, uses, and/or possesses real and/or tangible property within Michigan. *See* M.C.L. 600.715. Moreover, on information and belief, Opti-Luxx's illuminated vehicle sign products, which are at issue in this lawsuit, were sold in Michigan, including this judicial district, and/or were delivered into the stream of commerce with the expectation that such products would be purchased by consumers in Michigan, including in this judicial district.

5. This Court is the proper venue for this dispute pursuant to 28 U.S.C. § 1391 because Opti-Luxx is a resident of this District and a substantial part of the acts comprising the causes of action asserted herein occurred in this District.

## FACTUAL ALLEGATIONS

### Background

6. Incorporated in 2004, Smartrend is a supplier to OEMs and industrial products. Smartrend manufactures customer-specific engineered components and assemblies using a variety of materials and processes.

7. First Light Safety Products is a division (tradename) of Smartrend, a Canada-based manufacturer of illuminated signage, specifically, illuminated school bus signs and illuminated school bus stop arms.

8. The goal of these illuminated sign products is the elimination of school bus related injuries and fatalities by making the journey safer for kids, using Smartrend's patented technology. Since 2017, Smartrend has devoted time, personnel, and resources to the development of cutting edge illuminated signs in the pursuit of this challenge, culminating in both the current product

offerings of First Light Safety Products, and multiple patents that represent Smartrend's pioneering innovations.

9. Smartrend is the owner of all right, title, and interest in U.S. Patent No. 11,348,491, for "Illuminated signs for vehicles, mounting systems therefor, and related methods" ("the 491 Patent" or "the Asserted Patent"). Smartrend holds the right to sue and recover damages for infringement thereof, including past damages.

10. The 491 Patent was duly and lawfully issued by the USPTO on May 31, 2022. A true and correct copy of the 491 Patent is attached hereto as Exhibit A.

11. The 491 patent is directed to "A self-contained illuminated sign for mounting on a vehicle."

## Opti-Luxx and its Infringing Product

12. In or around February, 2021, Smartrend became aware that Defendant Opti-Luxx was likely developing a competing, infringing illuminated school bus sign. Smartrend's counsel sent Opti-Luxx a letter informing Opti-Luxx of the nature of its then-pending patent applications, warning Opti-Luxx that it would enforce its intellectual property rights against any forthcoming infringing products once its patents issued.

13. Despite the early communication from Smartrend's counsel, Opti-Luxx pursued development of its infringing products. At the 2021 New York Association of Pupil Transportation Summer Conference and Trade Show, held July 10 – July 14 in Saratoga Springs, New York, Steve Gress, OEM Account Manager of First Light Safety Products, observed Opti-Luxx's competing, infringing, illuminated school bus sign in person. An image of Opti-Luxx's infringing illuminated school bus sign, as displayed at the 2021 New York Association of Pupil Transportation Summer Conference and Trade Show, is reproduced below.



14.     At the 2021 STN INDY EXPO, held October 1 – October 5 in Indianapolis, Indiana, Kevin Smith, President of First Light Safety Products, observed the same infringing, illuminated school bus sign in person.

15.     Subsequently, on October 29, 2021, Mr. Smith sent Bill Wakefield, a contemporary who was then employed by Opti-Luxx, an email reminding him of Smartrend's intellectual property, and informing him that should Opti-Luxx continue to pursue its illuminated school bus sign, Smartrend would sue for patent infringement.

16.     On November 5, 2021, Opti-Luxx responded through counsel, indicating that Opti-Luxx would not discontinue its infringement.

17.     On November 16, 2021, Mr. Smith received an email from a potential U.S. customer of First Light's, who had previously shown interest in First Light's illuminated school bus signs.  The potential customer declined to go forward with First Light.  Upon information and belief, the customer is instead purchasing competing, infringing illuminated signs from Defendant.

18. On November 30, 2021, Smartrend filed a lawsuit, also in the Western District of Michigan, alleging infringement of two related patents. *See Smartrend Manufacturing Group (SMG), Inc. v. Opti-Luxx Inc.*, 1:21-cv-01009.

19. In that lawsuit, Smartrend subsequently filed a motion for leave to file an amended complaint including the 491 Patent on July 5, 2022. *Smartrend Manufacturing Group (SMG), Inc. v. Opti-Luxx Inc.*, 1:21-cv-01009, Dkt. 34. The Court has not yet ruled on the motion. In order to proceed with a timely prosecution of its rights with respect to the 491 Patent, Smartrend is withdrawing that motion concurrently with filing this complaint.

20. Smartrend has become aware through various third-party school bus dealers that Opti-Luxx continues to offer its infringing products for sale.

## CLAIMS

21. Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

22. As discussed in further detail below, Defendant manufactures, imports, and sells within the United States certain illuminated vehicle signs (the "Accused Products") that infringe the 491 Patent.

23. Upon information and belief, Defendant also contributes to the infringement of the 491 Patent by selling for importation into the United States, importing into the United States, and/or selling within the United States after importation, the Accused Products and the non-staple constituent parts of those devices, which are not suitable for substantial noninfringing uses and which embody a material part of the inventions described in the 491 Patent. These devices are known by Defendant to be especially made or especially adapted for use in the infringement of the 491 Patent. Specifically, Defendant sells or imports the Accused Products to provide to resellers

and end users with knowledge that the devices infringe. End users of those devices directly infringe the 491 Patent.

24. In addition, upon information and belief, Defendant also induces, and continues to induce, infringement of the 491 Patent by encouraging and facilitating others to perform acts known by Defendant to infringe the 491 Patent with the specific intent that those performing the acts infringe the 491 Patent by making use of the Accused Products.

25. Upon information and belief, Defendant had actual knowledge of the 491 Patent as of at least April 25, 2022, through correspondence identifying the notice of allowance of the 491 Patent, attached as Exhibit B.

26. As such, Plaintiff asserts the following against Defendant:

## CLAIM 1
### (Infringement of the 491 Patent)

27. Opti-Luxx directly infringes, contributes to the infringement of, and/or induces the infringement of at least claims 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14 of the 491 Patent in violation of 35 U.S.C. § 271 with respect to Opti-Luxx's illuminated school bus signs.

28. Claim 1 of the 491 Patent discloses:

1. An illuminated school bus sign for direct mounting on a school bus, the sign comprising:

opaque lettering positioned on or over a front surface of a translucent panel;

an opaque rear panel situated opposite to the translucent panel in spaced relation therefrom to define a space therebetween;

a light source comprising a plurality of LEDs positioned in the space adjacent to the rear panel and pointing towards a front of the sign; and

frame surrounding a perimeter of the translucent panel and forming a perimeter of the sign for mounting the sign to the school bus,

wherein the translucent panel is spaced by a spacer from the LEDs thereby creating a gap between the LEDs and the translucent panel,

wherein the spacer surrounds the LEDs and supports a rear surface of the translucent panel along the entire perimeter of the translucent panel, and

wherein the entire perimeter of the translucent panel is sealed in a weather-tight manner by a weather-tight seal between the translucent panel and the spacer.

29.     Opti-Luxx previously provided Smartrend with schematics associated with the Accused Product. The schematics show that the Accused Product infringe the above claim. The below annotated figures identify some of the claimed features as they appear in the Accused Products.



**Figure 1**

**Figure 2**



30.     Opti-Luxx has confirmed in correspondence on March 12, 2022 that "[t]he sign includes four primary components, i.e. a one-piece housing formed/molded of black plastic with a large recess opening towards the front of the sign . . . a one piece, front cover formed of yellow opaque (non-transparent) plastic . . . [which] is fixed / permanently **bonded to the one-piece housing so as to fully cover** <u>weather-seal</u> the large recess and such that the integrated circuit board with LEDs is enclosed in a space defined between the black housing and yellow cover." (emphasis added). The front cover of the Accused Product is bonded to the rear panel to "fully [] weather-seal the large recess" between the front cover and rear panel that houses the plurality of LEDs. This meets the final limitation of the above claim, "wherein the entire perimeter of the translucent panel is sealed in a weather-tight manner by a weather-tight seal between the translucent panel and the spacer." As all claim limitations are met in the schematic diagram as shown above, the Accused Product at least infringes the 491 Patent for the above reasons.

31.     Opti-Luxx has also induced, and continues to induce, infringement of the 491 Patent by encouraging and facilitating others to perform acts known by Opti-Luxx to infringe the 491 Patent with the specific intent that those performing the acts infringe the 491 Patent by making use of the Accused Products.

32. For example, upon information and belief, Opti-Luxx instructs and encourages users to use the Accused Products in a manner that infringes the asserted claims of the 491 Patent in at least the following way: Opti-Luxx sells its products, and/or components which are subsequently assembled into a product, for use on vehicles in ways that it knows infringes the Asserted Patent.

33. Upon information and belief, Opti-Luxx also contributes to the infringement of the 491 Patent by selling for importation into the United States, importing into the United States, and/or or selling within the United States after importation the Accused Products, and/or components which are subsequently assembled into a product, for which there is no suitable or substantial noninfringing use and which embody a material part of the inventions described in the 491 Patent.

34. Upon information and belief, Defendant had actual knowledge of the application that issued as the 491 Patent as of at least the April 25, 2022 based upon the Correspondence sent from Smartrend's counsel dated the same day.

35. Defendant's infringement of the 491 Patent is willful.

36. Smartrend has been injured and seeks damages to adequately compensate it for Opti-Luxx's infringement of the 491 Patent. Such damages should be no less than a reasonable royalty under 35 U.S.C. § 284.

37. Upon information and belief, Opti-Luxx will continue to infringe the 491 Patent unless permanently enjoined by this Court.  Smartrend therefore requests that this Court enter an order under 35 U.S.C. § 283 to permanently enjoin Opti-Luxx from continuing to make, use, sell, offer for sale, and/or import into the United States the products accused of infringing the 491 Patent and from further inducing or contributing to the infringement of the 491 Patent.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

(a)  That judgement be entered in favor of Plaintiff Smartrend and against Defendant Opti-Luxx on all causes of action.

(b)  That this Court enter judgment that:

　　i.  the 491 Patent is valid;

　　ii.  Defendant has infringed the 491 Patent;

　　iii.  Defendant's patent infringement was willful, and awarding treble damages pursuant to 35 U.S.C. § 284;

　　iv.  this is an exceptional case, and that Plaintiff recover its costs in this action including attorney's fees pursuant to 35 U.S.C. § 285.

(c)  That this Court enter a preliminary and permanent injunction under 35 U.S.C. § 283 restraining Defendant, its officers, directors, agents, employees, representatives and all persons acting in concert with Defendant from continuing to make, use, sell, offer to sell, and/or import into the United States the products accused of infringing the Asserted Patents, and from further inducing or contributing to the infringement of the Asserted Patents.

(d)  Such other relief as this Court deems proper.

## **JURY TRIAL DEMAND**

Plaintiff requests a trial by jury of all issues so triable to a jury raised in this Complaint.

Respectfully submitted, this 4th day of October, 2022.

/s/ Thomas W. Cunningham
Thomas W. Cunningham (P57899)
**BROOKS KUSHMAN P.C.**
1000 Town Center, 22nd Floor
Southfield, MI 48075
Telephone: (248) 358-4400
Fax: (248) 358-3351
Email: tcunningham@brookskushman.com

Robert L. Lee
(Georgia Bar No. 443,978)
Emily C. Welch
(Georgia Bar No. 606,071)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree St. NE
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email: Bob.Lee@alston.com
Email: Emily.Welch@alston.com

*Attorneys for Plaintiff Smartrend Manufacturing Group (SMG), Inc.*